**SO ORDERED.**

**SIGNED this 29 day of July, 2015.**

*Stephani W. Humrickhouse*

_____

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ASHBY YOUNG SMITH, | 14-06277-5-SWH |
| DEBTOR | |

### ORDER ALLOWING OBJECTION TO CLAIM

The matter before the court is the objection to claim filed by the debtor, Ashby Young Smith (the "debtor"), to Claim No. 8 filed by U.S. Bank Trust, N.A. for LSF8 Master Participation Trust ("U.S. Bank"). A hearing took place in Raleigh, North Carolina on May 12, 2015. Upon invitation of the court, U.S. Bank and the debtor filed supplemental briefs on May 27, 2015, and June 4, 2015, respectively.

### BACKGROUND

The debtor and his former wife originally acquired an interest in certain property described as "all of Lot 33, Section 6, Brunswick Vineyard Estates Subdivision," Ex. A to U.S. Bank's Memo., Doc. No. 45, in a general warranty deed from Ward Technical Sales Company, Inc., which was recorded on June 3, 1996 (the "1996 Purchase"). The 1996 Purchase was made as part of a "package deal," whereby the land and a manufactured home were bought and financed together. To finance the 1996 Purchase, the debtor and his former spouse executed a deed of trust in favor of Ford

Consumer Finance Company, Inc., dated June 3, 1996 (the "1996 Deed of Trust"). The 1996 Deed of Trust lists as collateral "all of Lot 33, Section 6, Brunswick Vineyard Estates Subdivision . . . Together with the Manufactured Home." U.S. Bank Memo., Doc. No. 40 at 3.

In 2007, the debtor re-financed the financing arrangement of the 1996 Purchase, and on or about October 5, 2007, Beneficial Mortgage Co. of North Carolina ("Beneficial Mortgage") became the holder of a deed of trust recorded on October 10, 2007 (the "2007 Deed of Trust"). The 2007 Deed of Trust describes the collateral as follows: "All of that certain property . . . being more fully described in a *deed* dated 05/30/1996 and recorded 06/03/1996." U.S. Bank Memo., Doc. No. 40 at 3 (emphasis added). In contrast to the 1996 Deed of Trust, the 2007 Deed of Trust does not specifically mention the manufactured home. The 2007 Deed of Trust incorporates by reference the terms of the original 1996 *deed*, which simply describes the land itself and omits any reference to the manufactured home. The 2007 Deed of Trust did not incorporate by reference the terms of the 1996 Deed of Trust, which explicitly covered the manufactured home. On March 6, 2014, Beneficial Mortgage assigned the 2007 Deed of Trust to U.S. Bank. The debtor and his former spouse divorced in December 2012, and the former spouse conveyed all of her title and interest in the property to the debtor by quitclaim deed on August 5, 2014.

The debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on October 29, 2014. On December 11, 2014, the debtor filed a plan, which has yet to be confirmed. On November 21, 2014, U.S. Bank filed a proof of claim asserting a secured claim in the amount of $104,909.11 ("Claim No. 8"). Claim No. 8 is based upon a loan agreement dated October 5, 2007, executed by the debtor and his former spouse with Beneficial Mortgage in the original sum of

2

$85,504.00 and secured by a deed of trust on property described as located at "618 Arbor Drive,

Bolivia, NC 28422."

The debtor filed his schedules and statement of financial affairs on December 11, 2014, and

listed the location of his primary residence as 618 Arbor Drive. The debtor listed the value of the

residence as $34,000.00 based upon a November 2011 appraisal report. In reviewing the debtor's

petition and plan, the chapter 13 trustee notified the debtor that the appraisal report was not

acceptable evidence of value because it was more than three and a half years old, and because the

Brunswick County Tax Office had valued the same at $85,118.00. The debtor subsequently obtained

two updated appraisals, one on the mobile home in the amount of $10,935.00, and one on the lot in

the amount of $15,000.00. The debtor was unable to obtain a combined appraisal because the

manufactured home was not permanently affixed to the land and the North Carolina Division of

Motor Vehicles still had the manufactured home listed as a motor vehicle. On April 7, 2015, the

debtor amended his schedules to reflect the current values as reflected in the new appraisals.

Additionally, after reviewing the recorded deeds of trust, the debtor determined that U.S. Bank did

not hold a valid security interest in the manufactured home. As a result, the debtor amended his plan

to modify U.S. Bank's treatment by bifurcating Claim No. 8 into a secured portion (representing the

land) and an unsecured portion (the remainder).

On January 23, 2015, U.S. Bank filed a motion for relief from stay based on payment

defaults. Then, on February 11, 2015, the trustee filed a motion to dismiss for failure to make plan

payments. At the hearing on April 17, 2015, the trustee's motion to dismiss was conditionally

continued. While there had been delinquent plan payments, the court found that the debtor's

proposal to bring the plan current was reasonable and that it would be in the best interest of the estate

to allow the debtor the opportunity to bring the plan current.

On April 7, 2015, the debtor filed an objection to U.S. Bank's Claim No. 8, and at the hearing

on May 12, 2015, the court determined that resolution of the objection was necessary to confirmation

since confirmation relied upon a bifurcation of U.S. Bank's claim, and invited counsel to submit

memoranda on the issue.  The debtor contends that the claim should only be allowed as a secured

claim in the amount of $15,000.00, the appraised value of the land, with the remainder being allowed

as an unsecured claim, because the 2007 Deed of Trust only covered the land itself and not the

manufactured home, and further because the manufactured home is not real property.  The debtor

further maintains that since the manufactured home, his primary residence, does not serve as security

for the 2007 Deed of Trust, U.S. Bank's treatment can be modified in the plan without violating the

anti-modification provision of the Code found in U.S.C. § 1322(b)(2), and the plan can be confirmed

as amended.  U.S. Bank, in response, argues that it does in fact have a security interest in both the

land and the manufactured home and that they together serve as the debtor's primary residence.  U.S.

Bank further contends that the manufactured home is real property.  As a result, U.S. Bank asserts

that its claim cannot be bifurcated or otherwise modified in the debtor's plan.  In support of its

position, U.S. Bank notes that, by virtue of the 2007 Deed of Trust, it has a security interest in the

real property located at 618 Arbor Drive and that the debtor's schedule A lists 618 Arbor Drive as

his primary residence.

On May 29, 2015, the trustee amended its motion to dismiss the case to include, as additional

grounds, the debtor's continued failures to make plan payments, file a confirmable plan and file tax

returns pursuant to § 1308.  Resolution of the objection to claim will resolve the motion to dismiss, the debtor having satisfied the tax return requirements and payment defaults.

## DISCUSSION

The anti-modification statute, 11 U.S.C. § 1322(b)(2), prevents a chapter 13 debtor from modifying a claim that is secured solely by an interest in real property that is the debtor's principal residence.  § 1322(b)(2).  Therefore, the ability to bifurcate U.S. Bank's claim into a secured and unsecured portion in the plan turns on whether the claim is secured solely by real property that is the debtor's primary residence.

The anti-modification provision of § 1322(b)(2) has two requirements: (1) the security interest must be in real property, and (2) the real property must be the debtor's principal residence. Ennis v. Green Tree Servicing, LLC (In re Ennis), 558 F.3d 343, 345-346 (4th Cir. 2009).  It is undisputed that U.S. Bank holds a security interest in the real property located at 618 Arbor Drive.  It is equally undisputed that the manufactured home is the principal residence of the debtor.  In dispute is whether the manufactured home is a fixture such that it is considered to be part of the real property at 618 Arbor Drive.[1]  If the manufactured home is a fixture, it will be considered real

---

[1]The parties also dispute whether U.S. Bank holds a security interest in the manufactured home under the loan documents and pertinent deeds of trust.  The court finds that U.S. Bank does not hold a security interest in the manufactured home pursuant to these documents because the 2007 Deed of Trust omits any reference to the manufactured home and describes only the real property.  However, even if U.S. Bank held a security interest in the manufactured home, given the court's conclusion below that the manufactured home is not a fixture and is therefore not part of the real property, U.S. Bank cannot satisfy the requirements of 11 U.S.C. § 1322(b)(2) because the debtor's principal residence is not real property.  Reinhardt v. Vanderbilt Mortg. and Fin. (In re Reinhardt), 563 F.3d 558 (6th Cir. 2009) (reaching the same conclusion in case where creditor was secured by both mobile home and real property); see also In re McNeill, Case No. 05-82077, 2006 WL 1314333 (§ 1322(b)(2) applied because mobile home had become a fixture).  A creditor's "secured interest in the real property on which [a debtor's] mobile home sits is irrelevant, because the real property in which [the creditor] has a secured interest must *be* the

property covered by the 2007 Deed of Trust and subject to the anti-modification provision, notwithstanding the failure of the 2007 Deed of Trust to explicitly describe it.  See N.C. Gen. Stat. § 25-9-102(41) ("'Fixtures'" means goods that have become so related to particular real property that an interest in them arises under real property law."); see also In re McNeill, Case No. 05-82077, 2006 WL 1314333, at *2 (Bankr. M.D.N.C. May 12, 2006) (stating rule that § 1322(b)(2) only applies to prevent modification of the mobile home lender's claim if the mobile home can be defined as real property under state law); Baker Constr. Co. v. City of Burlington, Case No. COA09-13, 2009 WL 3350747, at *3 (N.C. Ct. App. Oct. 20, 2009).

The determination of whether a manufactured home is real property or personalty is controlled by state law.  See Ennis, 558 F.3d at 346 (applying Virginia law to determine whether a mobile home would be considered real or personal property).  Under North Carolina law, a manufactured home is considered a fixture, and thus real property, if all of the following requirements are present:

> 1. It is a residential structure.
> 2. It has the moving hitch, wheels, and axles removed.
> 3. It is placed upon a permanent foundation either on land owned by the owner of the manufactured home or on land in which the owner of the manufactured home has a leasehold interest.

N.C. Gen. Stat. § 105-271(13); see also McNeill, 2006 WL 1314333, at *2 (employing definition of real property in N.C. Gen. Stat. § 105-271(13) to determine applicability of § 1322(b)(2)).

Here, there is nothing to contradict the debtor's evidence that the manufactured home does not have a permanent foundation, has no block or curtain wall, and in fact only has a faux stone curtain wall applied to wire mesh around its base.  Additionally, the manufactured home is still

---

debtor's residential home."  Reinhardt at 563.

registered with the North Carolina Division of Motor Vehicles as a motor vehicle or personal property.  See In re Johnson, 269 B.R. 246, 249 (Bankr. M.D. Ala. 2001) (court unable to classify a mobile home as real property where no steps had been taken to surrender the certificate of title with the Motor Vehicle Division; creditor, which was only secured by land on which mobile home sat, was therefore not protected by § 1322(b)(2)); see also Reinhardt, 563 F.3d at 562 (summarizing lower court's finding that the mobile home was not real property because it was not attached to the land and because the certificate of title was never surrendered).

Based upon the above, the court finds that the manufactured home owned by the debtor and used as his primary residence is not a fixture, and is personalty rather than realty.  As a result, U.S. Bank's security interest extends only to real property that is exclusive of the debtor's personal residence.  U.S. Bank's claim is therefore subject to modification.  See Reinhardt, 563 F.3d at 562-64 (anti-modification provision did not apply to creditor's claim, which was secured by both the mobile home and underlying real property, because the mobile home did not constitute real property under state law) (citing Ennis, 558 F.3d at 345-46).

## CONCLUSION

Therefore, in light of the foregoing analysis, the objection to Claim No. 8 of U.S. Bank will be sustained.  U.S. Bank shall have an allowed secured claim in the amount of $15,000.00, representing the value of the land only, and an allowed unsecured claim in the amount of $89,909.11.  Unless other impediments to confirmation exist, the trustee is directed to move for confirmation of the debtor's plan as amended.

## END OF DOCUMENT